Opinion delivered April 27, 1889.

27a 497
27a 703
27 497
29 186
27 497
31 520

## No. 6375.

### WILLIAM MILLER v. THE STATE.

PERJURY.—CHARGE OF THE COURT in a perjury case is fundamentally erroneous unless, conforming to article 746 of the Code of Criminal Procedure, it instructs the jury that a conviction for perjury can not be had except upon the testimony of at least two credible witnesses or of one credible witness strongly corroborated by other evidence as to the falsity of the defendant's statements under oath, or upon defendant's confession in open court.

APPEAL from the District Court of Caldwell.  Tried below before the Hon. H. Teichmueller.

This conviction was for perjury, and the penalty assessed by the verdict was a term of five years in the penitentiary.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   This is a conviction for perjury.   The indictment is a good one, and the exceptions thereto were properly overruled; as was also the motion in arrest of judgment.   There is no statement of facts in the record, and, were it not for a fundamental defect in the charge of the court, the judgment would be affirmed.

The insufficiency in the charge consists in the omission to give in charge to the jury article 746 of the Code of Criminal Procedure, which is an essential part of the law in every perjury case, and must be given in charge whether requested by defendant or not.   An omission to give it in charge is fundamental error.   (Washington v. The State, 22 Texas Ct. App., 26; Gartman v. The State, 16 Texas Ct. App., 215.)

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*