JOHNNIE L. GOODMAN (formerly Private, U. S. Marine Corps, Serial No. 2141624), Petitioner

v

SECRETARY OF THE NAVY et al., Respondents

21 USCMA 242, 45 CMR 16

Miscellaneous Docket
No. 72–5

March 15, 1972

## Memorandum Opinion of the Court

Petitioner has filed a pleading entitled "Notice of Appeal, Nunc Pro Tunc. Motion to Perfect Appeal in Forma Pauperis." Inasmuch as there is no provision for filing or other fees in this Court, and since, on application, military counsel may, in an appropriate case, be appointed for a petitioner, there is no necessity for a

"motion to perfect appeal in forma pauperis." Accordingly, the Court takes no action on said motion.

The petition avers that petitioner was convicted by general court-martial of a violation of Article 118, Uniform Code of Military Justice, 10 USC § 918, after a trial conducted December 26, 27, and 29, 1966, at Long Binh, Vietnam. The sentence imposed is not set out in the petition, nor are we informed of the actions of the convening authority or of the board of review.

We judicially note,[1] however, that on June 7, 1967, the Navy board of review affirmed petitioner's conviction and sentence, extending to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for twenty-five years.[2] On September 1, 1967, the board of review on motion of petitioner reconsidered and affirmed its original action.[3] We further judicially note that by Supplementary Court-Martial Order #G–31–68, dated February 2, 1968, the Commanding Officer, U. S. Naval Disciplinary Command, Portsmouth, New Hampshire, directed execution of the sentence. That order notes that the opinion of June 7, 1967, was served upon petitioner June 28, 1967, and on July 5, 1967, the latter submitted a petition for review by this Court, and withdrew same on July 10, 1967.

We assume the petition was placed in military channels, but was withdrawn as a result of petitioner's request. The records of this Court disclose that neither the petition for review nor a motion for leave to withdraw same was ever filed here. The placing of a petition under Article 67(b)(3), Uniform Code, supra, 10 USC § 867 (b)(3), in military channels vests jurisdiction over the case in this Court, and divests the jurisdiction of the board of review. United States v Jackson, 2 USCMA 179, 7 CMR 55 (1953). Such a petition may be withdrawn only by leave of this Court, whether or not it has physically been filed here. However, we note that the action withdrawing the petition in this instance was taken at the accused's request, during the period he was represented by individual civilian counsel, and no further petition was initiated within the thirty-day period subsequent to either action of the board of review.[4] Although we have held that the period fixed for filing such a petition may be expanded for good cause (United States v Ponds, 1 USCMA 385, 3 CMR 119 (1952)), petitioner has advanced no basis upon which this Court may relieve him from the consequences of his default.

We cannot construe the petition as one for extraordinary relief under the provisions of 28 USC § 1651(a), for he sets forth mere conclusions to the effect that he was denied constitutional rights, without specifying the basis for such allegations.

Accordingly, said "Notice of Appeal, Nunc Pro Tunc" is dismissed.

---

[1] See, paragraph 147a, Manual for Courts-Martial, United States; 1969 (Revised edition).

[2] United States v Goodman, No. 670548 (NBR June 7, 1967).

[3] United States v Goodman, No. 670548 (NBR September 1, 1967).

[4] Article 67(c), Uniform Code of Military Justice, 10 USC § 867(c), provides: "The accused has 30 days from the time when he is notified of the decision of a Court of Military Review to petition the Court of Military Appeals for review."