STEVEN K. ALLEN, Formerly Private, U. S. Marine Corps (Serial No. 2270118), Petitioner

v

UNITED STATES, Respondent

21 USCMA 288, 45 CMR 62

*Lieutenant David G. Grimes, Jr.,* JAGC, USNR, counsel for petitioner.

## Memorandum Opinion of the Court

In his Petition for Extraordinary Relief, petitioner represents:

On May 8, 1970, a military judge, sitting as a special court-martial upon the basis of petitioner's oral request,[1] convicted him of unauthorized absence, and imposed a sentence extending to a bad-conduct discharge, confinement at hard labor and partial forfeitures for four months. After approval by the convening and supervisory authorities, the Court of Military Review affirmed the findings, and only so much of the sentence as includes confinement for three months, with partial forfeitures for a like period. The latter action was published November 24, 1970, and petitioner did not seek review of his conviction within the period established by Article 67(c), Uniform Code of Military Justice, 10 USC § 867(c).

The sentence to confinement has been served, and the forfeitures have been made. Petitioner has been released from active duty.

He contends that the special court-martial had no jurisdiction (United States v Dean, 20 USCMA 212, 43 CMR 52 (1970)), and, relying on Belichesky v Bowman, 21 USCMA 146, 44 CMR 200 (1972), he seeks an order of this Court setting aside the findings and sentence, and restoring him to all rights and privileges of which he was deprived as a result of the conviction.

Article 67(c), Uniform Code of Military Justice, 10 USC § 867(c), provides:

"The accused has 30 days from the time when he is notified of the decision of a Court of Military Review to petition the Court of Military Appeals for review. . . ."

Failure to seek review of a conviction within the time limit established by the Code terminates that right and the jurisdiction of this Court, unless good cause sufficient to relieve petitioner from the consequences of his default appears. United States v Ponds, 1 USCMA 385, 3 CMR 119 (1952); United States v Brown, 19 USCMA 629 (1970); Enzor v United States, 20 USCMA 257, 43 CMR 97 (1971); Goodman v Secretary of the Navy, 21 USCMA 242, 45 CMR 16 (1972). Petitioner acknowledges his failure to petition within the thirty-day period, and advances no grounds upon which relief from default may be based.

Belichesky v Bowman, supra, upon which he relies is inapplicable. There, military authorities had initiated proceedings to vacate the suspension of a sentence imposed by a military judge, sitting as a general court-martial on the oral request of the accused. Although the accused had not sought review by this Court within the time permitted by the Code, we enjoined the vacation proceedings, holding that the authorities could not by new proceedings exact a penalty which, from the moment it was announced, had no legal existence.

In the instant case, no proceedings against petitioner are contemplated, or

---

[1]Petitioner indicates that the military judge determined that the written request required by Article 16 (1)(c), Uniform Code of Military Justice, 10 USC § 816(1)(c), could be submitted at the conclusion of trial. This does not satisfy the Code's requirement. United States v Ginaitt, 20 USCMA 216, 43 CMR 56 (1970).

possible. The sentence of which he complains has long been executed, and the termination of his service—and, thus, of military jurisdiction—was in no way related to this court-martial. In all respects, therefore, finality has attached to the proceedings. Article 76, Uniform Code, supra, 10 USC § 876.[2]

The petition is dismissed.

---

[2] We do not here determine whether administrative relief is available through the Board for Correction of Naval Records.