ROBERT G. GALLAGHER (Formerly Private First Class, U. S. Army), Petitioner

v

UNITED STATES OF AMERICA, Respondent

22 USCMA 191, 46 CMR 191

Miscellaneous Docket
No. 72–46

March 20, 1973

Not reported below.

*Daniel H. Benson, Esquire, Colonel Arnold I. Melnick, Captain Thomas Barry Kingham,* and *Captain Ward Mundy,* counsel for Petitioner.

*Lieutenant Colonel Ronald M. Holdaway, Captain Merle F. Wilberding, Captain Richard L. Menson,* and *Captain Robert C. Roth, Jr.,* counsel for Respondent.

## Memorandum Opinion of the Court

A general court-martial sitting in Germany convicted petitioner of robbery and imposed a sentence of bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year and reduction to the lowest grade. After intermediate appellate tribunals approved and affirmed the sentence, petitioner filed a petition for grant of review which this Court denied. United States v Gallagher, 15 USCMA 675 (1965). A timely petition for reconsideration was also denied. 15 USCMA 391, 35 CMR 363 (1965).

Prior to the completion of appellate review, pursuant to an order of the Secretary of the Army, those portions of the sentence adjudging a punitive discharge, the unserved period of confinement and the uncollected forfeitures were suspended with a provision for remission upon completion of appellate review.

Petitioner has filed a Petition for Extraordinary Relief seeking disapproval of the findings and sentence of the aforementioned general court-martial, and respondent has filed its Reply to our Order to Show Cause. The petition avers, and the record of trial establishes, that enlisted men served as members of the general court-martial although the petitioner did not personally request in writing that the membership be so composed.[1] Thus, he urges, the court-martial lacked jurisdiction, and the findings returned and the sentence imposed in his case are void.

Article 25(c)(1), Uniform Code of Military Justice, 10 USC § 825(c)(1) provides:

Any enlisted member of an armed force on active duty who is not a member of the same unit as the ac-cused is eligible to serve on general and special courts-martial for the trial of any enlisted member of an armed force who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if, before the conclu-sion of a session called by the military judge under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of. such a session, before the court is as-sembled for the trial of the accused, the accused personally has request-ed in writing that enlisted members serve on it.

In United States v White, 21 USCMA 583, 588, 45 CMR 357, 362 (1972), we held:

The option [of enlisted members] is a right of the defendant and a convening authority is without pow-er to designate enlisted members to sit, absent the *personal written re-quest of the accused.* Not even the accused's counsel may act for him. Manifestly, Congress intended that the accused's personal written re-quest be an indispensable prerequisite to an enlisted man's membership on a particular court.

In its reply to the order to show cause, respondent contends, *inter alia,* that the denial of the petition for re-consideration, referred to above, coupled with the petitioner's separa-tion from the service, terminated the proceedings,[2] and thus, our jurisdic-tion under Article 67, UCMJ, 10 USC § 867, has been exhausted. In support of this contention, respondent argues that under United States v Snyder, 18 USMCA 480, 40 CMR 192 (1969), lack or termination of jurisdiction under Article 67, UCMJ, necessarily pre-cludes an exercise of jurisdiction un-

---

[1] The record of trial shows that the defense counsel signed the request for enlisted members.

[2] See Article 76, UCMJ, 10 USC § 876.

der 28 USC § 1651(a), upon which petitioner relies. Added support for this conclusion, respondent argues, is found in our recent decision in Allen v United States, 21 USCMA 288, 45 CMR 62 (1972).

Neither authority is controlling here. In *Allen,* petitioner failed to petition this Court for review of his conviction within the 30-day period established by Article 67(c), UCMJ, 10 USC § 867(c), nor did he show any basis upon which relief from that default could be granted. We there held:

> Failure to seek review of a conviction within the time limit established by the Code terminates that right and the jurisdiction of this Court, unless good cause sufficient to relieve petitioner from the consequences of his default appears.

21 USCMA at 289, 45 CMR at 63.

In *Snyder,* review of a special court-martial resulting in a sentence limited to a reduction in grade was sought through a petition for writ of error coram nobis. Dismissing that petition, we declared:

> There can be no doubt of the fact that this Court does possess the authority to resort to extraordinary writs under the All Writs Act. . . But such resort is had, under the very terms of the statute, *in aid* of the exercise of our jurisdiction over cases properly before us or which may come here eventually. Our jurisdiction to hear appeals, no matter how well-founded, is set out by Congress in . . . Article 67.

18 USCMA at 482–83, 40 CMR at 194–95.

In neither of the mentioned cases were we ever empowered to exercise our jurisdiction under Article 67; in *Allen,* because of the legal effect of his failure to file a timely petition; in *Snyder,* by operation of law limiting our jurisdiction.

■ Here, however, petitioner's application for review vested jurisdiction in this Court, and required us to determine whether good cause was established by the record for the further review petitioner sought. Neither in his original petition for grant of review nor in his petition for reconsideration of our order denying the same, did petitioner assign the issue now raised, i.e. lack of jurisdiction. However, as was pointed out in the opinion denying reconsideration, United States v Gallagher, 15 USCMA 391, 395, 35 CMR 363, 367 (1965):

> Conceding that Article 67(b)(3) of the Code, supra, provides review by the Court in "all cases reviewed by a board of review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review," still it should be self-evident that a review by the judges of the Court is essential to determine whether "good cause" has been shown, whether the Court determines to hear arguments and further proceedings or not. Rule 18, of the Rules of Practice and Procedure of this Court, requires the appellant to file a petition for review and contemplates that he shall state therein the errors of which he complains, and Rule 40 permits the appellant to file a brief in support thereof; Rules 21 and 40 require the Government to reply to the petition for review and permit a brief in support of its contentions. Thus the consideration given to the petition for review, is, in fact, a substantial review based upon arguments in writing. Moreover, regardless of the specific assignments of error raised in the pleadings, the Court examines the record to determine if there may be other possible infirmities. See Annual Report of the United States Court of Military Appeals for 1960, at page 6.

No other type of review to determine the existence of "good cause" would be consistent with the painstaking effort of Congress "to establish a system of meaningful review." *Id.* It was with a firm appreciation of our responsibility to make that congressional purpose a reality that we approached the issue here presented when it first arose in Asher v United

States, 22 USCMA 6, 46 CMR 6 (1972). There, petitioner had filed a petition for review challenging the jurisdiction of the court-martial which had convicted and sentenced her on the ground that enlisted personnel had participated as members despite the absence of her personally signed written request. We initially denied her petition. United States v Asher, 21 USCMA 622 (1972). In view of our holding in United States v White, supra, decided a scant six months later, it became apparent that we misconceived the impact upon the jurisdiction of a court-martial of a failure to comply with the requirements of Article 25(c)(1), UCMJ. That misconception was remedied by setting aside the sentence, which alone was affected by the error.

■ The only difference between the circumstances of *Asher* and of those in the instant case is the fact that here peitioner did not raise the issue in his original petitions. Since our responsibility for a meaningful review requires us to note errors affecting jurisdiction, i.e. the power of a court-martial to act, whether or not assigned, our failure to note the absence of jurisdiction in petitioner's case is legally indistinguishable from our failure to appreciate the significance of an assignment raising the issue. Thus, whether the form of relief required be denominated "reconsideration" or "extraordinary relief," relief will be afforded. United States v Frischholz, 16 USCMA 150, 36 CMR 306 (1966).

■ Respondent requests that we reconsider our decision in United States v White, supra, and re-evaluate our assessment of the error involved as set out in Asher v United States, supra. In addition, respondent moves for oral argument upon these issues. It is apparent from what we have here declared that we adhere to our decisions in those cases, and oral argument thereon will not alter the conclusions reached.

Accordingly, the Motion for Oral Argument is denied, and the Petition for Extraordinary Relief is granted. The findings and sentence are set aside, and the record of trial is returned to the Judge Advocate General, United States Army, for action not inconsistent with this opinion.

DUNCAN, Judge (concurring):

In concurring with the above memorandum opinion of the Court, I take this opportunity to express doubts about the result we reached in Allen v. United States, 21 USCMA 288, 45 CMR 62 (1972). Upon reappraisal of the *Allen* facts, it now appears to me that perhaps the total circumstances indicate an adequate reason for Allen's failure to petition this Court for review within the 30-day period, in that he lacked timely knowledge that there was a jurisdictional defect in his court-martial.

QUINN, Judge (dissenting):

For the reasons set out in my dissent in United States v White, 21 USCMA 583, 45 CMR 357 (1972), I dissent.