**UNITED STATES, Appellee,**

v.

**Joe C. WHYTE, Private, U. S. Army, Appellant.**

**No. 30,125.**

U. S. Court of Military Appeals.

Sept. 5, 1975.

---

1. *See United States v. Wimberley*, 16 U.S.C. M.A. 3, 10, 36 C.M.R. 159, 166 (1966).

2. *See United States v. White*, 17 U.S.C.M.A. 211, 38 C.M.R. 9 (1967).

*Colonel Victor A. DeFiori, Captain R. Stuart Broom,* and *Captain Ronald Lewis Gallant* were on the pleadings for Appellant, Accused.

*Captain John F. Schmutz* and *Captain Joel M. Martel* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

Among other specifications of wrongdoing, the accused was charged with violating "a lawful general regulation, to wit: paragraph 16, United States Army Europe Regulation 632–10 . . . by wrongfully having in his possession two ration cards." The regulation provides that personnel of the command "will not . . . [p]ossess or use more than one ration card made out in the name of the same person for a given ration period." The accused contends the specification is deficient in that it alleges an act not within the terms of the regulation as there is no averment that the cards in his possession were made out in the "name of the same person" or were for "a given ration period." Strong reliance is placed on *United States v. Crooks,* 12 U.S.C.M.A. 677, 31 C.M.R. 263 (1962).

In *Crooks* the specification alleged that the accused violated a numbered paragraph of a regulation " 'by appearing in a public establishment in a field uniform.' " The Court observed that while the form of the specification comported with the model specification contained in the Manual for Courts-Martial, United States, 1951, the specification could still be legally insufficient if the act it alleged as violative of the regulation was "outside the operative terms" of the specified provision. *Id.* at 679, 31 C.M.R. at 265. As the regulation prohibited the wearing of the field uniform only " 'outside of military installations.' " the Court concluded that the proscribed conduct was "not synonymous" with that charged. *Id.* Tracking *Crooks,* the accused's attack is not on the form of the pleading, but on the correspondence between the proscribed act and the act charged. Quite correctly, he points out that

the regulation in issue does not prohibit possession of more than one ration card, but only two or more cards in the name of the same person. The analogy to *Crooks* breaks down, however, with the allegation that he "wrongfully" possessed two cards. In context, the description imports that the cards in his possession were of the kind included within the prohibition of the regulation.

Unquestionably, the specification could have been drawn with more precision. However, it was not attacked before findings and sentence, and at this stage of the proceedings, "it is enough to withstand a broadside charge that . . . [it does] not state an offense, if the necessary facts appear in any form or by fair construction can be found within" its terms. *United States v. Sell,* 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953). We are satisfied that the linkage of the accused's conduct with the specific provision of the regulation defining the prohibited conduct, which is provided by the allegation of wrongfulness, brought the charged act within the terms of the regulation. From an examination of the providence inquiry, we are also convinced that the accused was not misled. Accordingly, we conclude that the specification is legally sufficient.

The decision of the United States Army Court of Military Review is affirmed.