### UNITED STATES
v.

**Ronald BURKE, 055 44 2276, Lance Corporal (E-3), U. S. Marine Corps.**

**NCM 77 1290.**

U. S. Navy Court of Military Review.

Sentence Adjudged 25 March 1977.

Decided 7 Oct. 1977.

CAPT A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

NEWTON, Senior Judge:

A fist fight and stabbing in a parking lot near a barracks on board a Marine Corps base gives rise to the appellant's conviction, contrary to plea, of two offenses of assault and battery with his fists. The appellant and three or four companions became engaged in a fight with two other Marines. The latter two persons lost the fight. One of the losers was stabbed as well as beaten. The appellant does not appear to have had any connection with the stabbing—the members of the larger group appear to have been acting independently, but in concert, in the fight. The knife wielder does not appear to have made his intent known to the appellant. Although the winners were black and the losers were white, there is no indication that the fight was racially motivated. That fact is of some significance as will become apparent later in the discussion of this case.

Following his conviction for violations of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928, the appellant was sentenced to a bad conduct discharge, confinement for 4 months, forfeiture of $245 per month for 4 months and reduction to pay grade E-1. The convening authority suspended execution of the punitive discharge until 16 June 1978 with provision for automatic remission.

The Court's consideration of the case results in denial of two of the appellant's three assignments of error. The second assignment is found to have merit. The reasons are set out below.

I

APPELLANT WAS IMPROPERLY DENIED THE SERVICES OF HIS TRIAL DEFENSE COUNSEL DURING THE POST TRIAL REVIEW OF HIS CASE.

■ The trial defense counsel was placed on terminal leave, pending his release from active duty, 5 days before the staff judge advocate's review was served on a newly appointed defense counsel. Three days before the trial defense counsel departed, the appellant voluntarily and knowingly released his trial defense counsel from further representation in his behalf and requested the assignment of the specific defense counsel who was appointed instead. The request was acted upon and approved by the officer authorized to convene general courts-martial who was the supervisory reviewing authority in this case. It is evident that authority acted on the request because the record was in the review chain between the convening authority and the supervisory authority at the time.

Five days after service of the staff judge advocate's review on the new defense counsel—6 days following his appointment—the counsel submitted his comments on the review in accordance with the law set out in

*United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). In those comments the substitute defense counsel complained that the release of the trial defense counsel did not conform to the guidelines announced in *United States v. Palenius,* 25 U.S.C.M.A. 222, 54 C.M.R. 549 (Interim), 2 M.J. 86 (1977), since application for release was not made to the judge or court then having jurisdiction of the case. Prejudice was construed because the trial defense counsel was most knowledgeable about the case. It was thus thought to be unfair to allow him to depart on terminal leave before review actions were completed. Counsel postulates that had the matter been considered by a proper tribunal or judge, trial defense counsel would not have been relieved. That thesis is the basis for the first assignment of error.

It is considered that the appellant was assured of uninterrupted, effective representation and advice by qualified, competent and adequate counsel in the post-trial processing of this case. The purpose of the *Palenius* rule was satisfied. Substitute counsel of the appellant's own choosing was appointed following the appellant's voluntary, intelligent, knowing release of his trial defense counsel. There is no showing of failure of the latter counsel to provide adequate representation—the contrary appears as a matter of record. *Palenius, supra,* recognizes that counsel may be released or waived as was accomplished here. In view of that release it is considered unlikely that any judicial officer would have declined to release the trial defense counsel from his obligation. No showing is made by substitute counsel that he sought relief—by recall of the trial judge or otherwise—before a court. Rather, he too took his appeal to the same person he postulates had no authority to act. We fail to appreciate the counsel's argument in view of that circumstance. This Court will not be a pawn in a game where some supposed error, which is passively allowed to occur without objection being made in due course, is later raised, if no prejudice to an appellant is apparent. We find no prejudice.

In our view, *Palenius, supra,* does not address the problem of jurisdictional responsibility which is raised where defense counsel is substituted after the record of trial is forwarded to a convening authority for review and action, to be later forwarded to this Court for review. That the convening authority, or supervisory reviewing authority, has complete jurisdiction to act on that record is beyond question. Articles 64 and 65, UCMJ, 10 U.S.C. §§ 864 and 865. It is doubtful that a military judge has the authority to recall that record for further consideration, on motion or otherwise, once it has been forwarded for a review which culminates in review by this Court. For practical purposes, the UCMJ sets up three judicial bodies: The court-martial, the Court of Military Review, and the Court of Military Appeals. Courts cannot exercise jurisdiction over the same cause at the same time, for if the trial court could amend the judgment at all, it could so amend it as to render it nugatory and either destroy the basis of an appeal or make the case moot. *United States v. Best,* 6 U.S.C.M.A. 39, 19 C.M.R. 165 (1955); *United States v. Jackson,* 2 U.S.C.M.A. 179, 7 C.M.R. 55 (1953); *United States v. Reeves,* 1 U.S.C.M.A. 388, 3 C.M.R. 122 (1952). The placing of an appellate petition in military channels vests jurisdiction over the case in the court to which the petition is addressed. *Goodman v. Secretary,* 21 U.S.C.M.A. 242, 45 C.M.R. 16 (1972). It is considered that the court-martial (trial court) is divested of jurisdiction over a case once that case is placed in channels for review by this Court—that is, once the record is forwarded to the convening authority—absent a return of the record by proper authority to the court-martial for further action. Consequently, consideration of a motion to relieve trial defense counsel would not be properly addressed to the trial judge, where the record of trial has left that trial court's jurisdiction. Consideration of counsel's relief was properly within the cognizance of the convening authority/supervisory reviewing authority. The thrust of the *Palenius* decision is considered to be to ensure provision of ade-

quate post-trial representation of an accused convicted of an offense. No good reason appears to preclude relief of counsel by that reviewing individual, and appointment of substitute counsel, if good cause is shown for such relief. Such resolution of the matter is thought to be an adequate and reasonable means of meeting the requirement of *Palenius* within the framework of the statutory review process of courts-martial. *See United States v. Crawley*, 3 M.J. 616 (N.C.M.R.1977). In so concluding, the existence of supervisory authority to be exercised over the entire military justice system, found by the Court of Military Appeals in *United States v. McPhail*, 1 M.J. 457 (1976) and as partially afforded to this Court by Article 66, UCMJ, 10 U.S.C. § 866, should be noted. Any abuse of relief of counsel assuredly may be corrected as required by the circumstances of a given case in the review process.

In conclusion, the first assignment of error is considered to be without merit because there was a valid release of counsel by the appellant, there was a valid and proper appointment of substitute counsel, the appellant received adequate representation and advice concerning the appeal proceedings in his case, and no prejudice is found flowing to the appellant from the procedure utilized in this case.

II

APPELLANT WAS SUBJECTED TO ILLEGAL PRETRIAL CONFINEMENT.

■ In its most recent decision regarding pretrial restraint of an accused, the Court of Military Appeals abstains from a literal reading of the several prior decisions, and the regulatory provisions, concerning pretrial confinement. *United States v. Heard*, 3 M.J. 14 (C.M.A.1977). Rather, in that decision the High Court recognizes two bases for ordering pretrial confinement once it has been determined that probable cause exists for pretrial confinement, *i. e.* that an accused could be confined prior to trial because of reasonable grounds to believe that an offense has been committed by the ac-

cused. The first basis is to assure an accused's presence at trial. The second is the avoidance of foreseeable future serious criminal misconduct of the accused. The Court then recognizes a "stepped process" of restraint as a required procedure to be utilized in pretrial restraint.

The second basis appears to be the point in issue in the instant case—more on that later. First, we pause to note certain difficulties with a literal reading of the recent *Heard* decision. That decision clearly mandates that a stepped process of lesser forms of restriction must be first tried and found wanting before pretrial confinement is lawful and appropriate. The decision further seems to authorize initial confinement without the stepped process only in a capital case, when the facts support a finding that the accused is likely to commit a serious crime . . . or flee if released. The decision also observes the need to protect society from unbridled criminal suspects once charged. The dichotomy in those precepts is readily apparent—how, for example, does a magistrate dispose of a pretrial confinement issue involving apprehension of an accused for unauthorized, concealed possession of a loaded pistol, who has vowed to kill his commanding officer? Should that individual be afforded the stepped restraint process or should he be immediately confined? The latter choice is considered appropriate, although it would seem contrary to a literal reading of the holding in *United States v. Heard, supra.* In construing the *Heard* decision, it is considered necessary to read between the lines to arrive at a correct application of the law to a given case.

■ The *Heard* decision is not interpreted to be so inflexible as to absolutely require a stepped confinement process in all but a capital case. Rather, *Heard* is taken to require the exercise of reasonable judgment in determination of pretrial confinement issues, bearing in mind society's need to protect itself, the need for an accused's presence at trial, and the complete undesirability and unlawfulness of unnecessary

pretrial confinement. We utilize that construction of *Heard* in reaching our conclusion in the instant case.

 In this case the confining officials were initially faced with a set of facts tending to show a racial conflict between groups of service personnel which resulted in a fight and stabbing. Initially, pretrial confinement would seem logically and reasonably necessary to protect the well ordered functioning of the military society. We can find no fault with that rationale. Fortunately that initial appearance was totally erroneous. There was no racial conflict or motivation causing the incident. SJAR 13. Additionally, it is apparent that the appellant had no criminal responsibility for the stabbing. Consequently, the reason and basis for pretrial confinement was nonexistent. When the grounds for pretrial confinement fell apart, the appellant should have been immediately released from pretrial confinement. He was not so released. Consequently, some portion of the pretrial confinement was unlawful. There is insufficient evidence available to determine the exact date the confinement became unlawful. Since the record clearly shows no real grounds ever existed for such confinement we will modify the sentence, in an effort to cure the injustice perpetrated against the appellant, by giving full value to all pretrial confinement in the sentence.

The second assignment of error has merit.

### III

THE MILITARY JUDGE FAILED TO PROVIDE SPECIAL FINDINGS AS REQUESTED REQUIRING A NEW TRIAL.

 A military judge is required, on request, to enter special findings of factual matters reasonably in issue. Article 51(d), UCMJ; MCM, 1969 (Rev.), para. 74*i*; *United States v. Baker*, 47 C.M.R. 506 (A.C.M.R. 1973); *United States v. Falin*, 43 C.M.R. 702 (A.C.M.R.1971). No special findings are warranted as to matters which are irrelevant, immaterial, or so remote as to have no

effect on the case in question. The purpose of requested special findings is to determine how the trial judge resolved specific issues to aid in appellate proceedings.

 Here the refusal of the trial judge to enter special findings as to the guilt of a prosecution witness in the assaults is considered to have been correct. The military judge's continued avoidance of such a finding on remand of this case to him is commended. The criminal guilt of the witness in the assault is so remotely related to the instant case as to be unnecessary of determination. The military judge clearly indicated, that for purposes of assessing that witness' credibility, he was considered to be an accomplice. The credibility issues were resolved against that witness. That is sufficient for this appeal. A special finding of guilt of an uncharged witness was correctly refused. The trial judge's special findings remained consistent and unchanged. The return of the record to the trial judge for additional findings had no effect.

The assignment of error is without merit.

In consonance with the conclusion in the second assignment of error and upon consideration of the offenses and prior service history of this appellant, we take the following action. The findings of guilty are affirmed. On reassessment of the sentence we give full value in the sentence for pretrial confinement. Only so much of the sentence as provides for reduction to pay grade E–1, confinement at hard labor for 25 days and forfeiture of $245 each month for 3 months is affirmed.

Judge GLADIS concurs.

GRANGER, Judge (Concurring in the Result):

I concur in the Senior Judge's opinion regarding the issue of illegal pretrial confinement. I also concur with the majority that the remaining assignments of error are without merit, and I therefore concur in the results of the case.

I cannot concur in the rationale for denying appellant's assignment of error that the military judge failed to provide adequate special findings.

Trial defense counsel asked the military judge for a finding of fact relating to whether a principal prosecution witness participated in the assault. The majority opinion concludes that this matter was so remote as to merit no special findings, and that no error was committed. I reach the same result on the different rationale that trial defense counsel asked for a special finding to which he was entitled and that the judge's findings satisfied that request.

The credibility of the prosecution witness was an important issue in this case, because he was the only witness who testified he saw appellant commit the assaults as charged. If the witness was culpably involved in the assaults, he was an accomplice witness, and his testimony need then be closely scrutinized and received with great care and caution. *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963). There was evidence presented at trial that this witness had participated in the assault. Whether or not he was an accomplice witness was therefore clearly in issue. Under these circumstances, had this case been tried before a court-martial with members, an instruction on accomplice testimony would have been required. *United States v. Lell*, 16 U.S.C.M.A. 161, 36 C.M.R. 317 (1966); DA Pam 27–9, Military Judges' Guide (1969), para. 9–22; see *United States v. Crooks*, 12 U.S.C.M.A. 677, 31 C.M.R. 263 (1962).

Regarding special findings, the Military Judge's Guide provides:

> When a request has been made for special findings, the military judge should, as a general rule, make findings on all matters upon which he would instruct a court if one were sitting in the case . . . . .
>
> \* \* \* \* \* \*
>
> Appropriate special findings are not only findings on elements of offenses, but also on all factual questions placed reasonably in issue . . . . . [DA Pam 27–9, *supra*, App. G, at 2].

I conclude that defense counsel asked for a special finding on factual matter clearly in issue and was entitled to that finding. In his findings, the trial judge did not spe-cifically address the witness' participation in the assaults, but obviated the necessity for doing so by stating that he viewed the witness' testimony as accomplice testimony.

The military judge's findings were sufficient to permit appellant to discern the legal and factual bases for the guilty finding. The findings enabled appellant to frame his issues for appeal. I therefore concur with the majority that appellant's assignment is without merit.