Glenn Ray KRAUSE, Jr., Private First Class, U. S. Marine Corps, Petitioner,

v.

UNITED STATES, Respondent.

No. 78–20.
CMR 761257.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Petitioner: Lieutenant Lawrence W. Muschamp, JAGC, USN (argued).

For Respondent: Major D. A. Hiley, USMC (argued); Lieutenant Commander Paul B. Thompson, JAGC, USN, Lieutenant Commander N. P. De Carlo, JAGC, USN (on brief).

## Opinion of the Court

COOK, Judge:

In August 1976, for lack of good cause shown, this Court denied the applicant's petition for grant of review of his conviction on two specifications of robbery. *See* Article 67(b), Uniform Code of Military Justice, 10 U.S.C. § 867(b). As a result, the sentence was ripe for execution. Article 71(c), UCMJ, 10 U.S.C. § 871(c). Execution was ordered in October 1976. Thereupon, the findings of guilty and the sentence were "final and conclusive." Article 76, UCMJ, 10 U.S.C. § 876. A year later, the petitioner filed, in the Navy Court of Military Review, his present application for extraordinary relief, in the nature of *coram nobis,* contending that, at the time of his trial, he was not subject to court-martial jurisdiction because of improprieties in his enlistment.

■ No evidence of wrongdoing in the enlistment process, or any other jurisdictional defect appears in the record of trial. In this respect, the case is different from *Gallagher v. United States,* 22 U.S.C.M.A. 191 n. 1, 46 C.M.R. 191 (1973). It is manifest, therefore, that the Court of Military Review did not misapprehend, or fail to give proper consideration to, any material

fact affecting the jurisdiction of the court-martial at the time of its review of the accused's conviction. Consequently, the present petition fails to make out a case for *coram nobis* relief. In *McPhail v. United States,* 1 M.J. 457, 459 (C.M.A.1976), we said:

> Under *coram nobis,* a court can remedy an earlier disposition of a case that is flawed because the court misperceived or improperly assessed a material fact. . . No such error appears in the Court's denial of the original petition for a writ of prohibition. . . . Consequently, there is no basis for *coram nobis* relief [in the present application for relief].

■ Plainly, what the petitioner wants is the reopening of his case so that he can present matter that he did not offer before his conviction became final. Aside from a

petition for a new trial, which can be filed within 2 years after the convening authority's approval of the sentence, military practice does not sanction reopening a case for introduction of additional evidence or issues.[1] *See* Article 73, UCMJ, 10 U.S.C. § 873. The petitioner's situation, therefore, is different from the imposition of a challenge to jurisdiction during the course of a regular appeal. *See* paras. 67*a* and 68*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). Moreover, nothing in the record indicates, and the petitioner does not contend, that, on the evidence before it, the trial court could not properly find him guilty and sentence him as it did. The petitioner may, perhaps, challenge the validity of his conviction in one or another of the collateral proceedings available to him in the civilian courts,[2] but he cannot

---

[1]. In his separate opinion, Chief Judge Fletcher disagrees with my perception of the availability of *coram nobis* relief. However, my interpretation of the authorities cited at footnotes 2 and 3 of his separate opinion is consistent therewith. In *Del Prado v. United States,* 23 U.S.C.M.A. 132, 48 C.M.R. 748 (1974), the Court granted relief to an accused whose conviction had previously become final, within the meaning of Article 76, Uniform Code of Military Justice, 10 U.S.C. § 876. The Court observed that evidence of the circumstance that precluded court-martial jurisdiction was present in the record but "we failed to recognize the absence of jurisdiction." *Id.* at 134, 48 C.M.R. at 750. The effect of this failure on our decision was explained by the following quotation from *Gallagher v. United States,* 22 U.S.C.M.A. 191, 194, 46 C.M.R. 191, 194 (1973):

> [O]ur failure to note the absence of jurisdiction in petitioner's case is legally indistinguishable from our failure to appreciate the significance of an assignment raising the issue.

In *Hendrix v. Warden,* 23 U.S.C.M.A. 227, 49 C.M.R. 146 (1974), the Court dismissed an application for *habeas corpus* after the conviction had become final. In its memorandum opinion, the Court noted that the petitioner contended that certain pretrial proceedings in connection with a psychiatric examination and the conduct of his counsel and the military judge deprived him of effective assistance of counsel and due process. In considering these factors, the Court made the following pertinent remarks:

> Petitioner very candidly—and accurately—recognizes that the "errors raised (in his petition) have not been substantively raised in either Petitioner's trial or his formal appellate hearings." Moreover, he concedes that

all appellate rights provided for by the Uniform Code have terminated. However, he predicates the relief sought solely on the basis that "[s]uch relief would be in the interest of this Court's jurisdiction insofar as one of the overriding purposes of this Court is to assure every accused serviceman convicted by general court-martial a fair trial."

. . . . .

As applied to the present petitioner, our jurisdiction under Article 67(b)(3), UCMJ, ended upon publication of the order of June 14, 1972, denying the petition for grant of review. The matters now brought forward by petitioner in this action cannot serve to revive that jurisdiction, and, necessarily, the relief sought is not, as 28 U.S.C. § 1651(a) requires, "*in aid* of the exercise of our jurisdiction." *United States v. Snyder,* . . . [18 U.S.C.M.A. 480 (1969)], at 483, 40 CMR at 192. See also *Allen v. United States,* . . . [21 U.S.C.M.A. 288, 45 C.M.R. 62 (1972)], note 4.

[Footnote omitted.]

*Id.* at 228, 49 C.M.R. at 147. Finally, the Court in *Allen v. United States,* 21 U.S.C.M.A. 288, 45 C.M.R. 62 (1972), cited Article 76, UCMJ, in denying a Petition for Extraordinary Relief where the petitioner asserted a lack of jurisdiction.

[2]. *Augenblick v. United States,* 377 F.2d 586, 180 Ct.Cl. 131 (1967), *rev'd. on other grounds,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969) (action in the Court of Claims); *Noyd v. Bond,* 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969) (*habeas corpus* proceeding initiated in U. S. District

seek to overturn his final conviction by the present proceeding, whatever name he may give to the relief he seeks. We, therefore, affirm the decision of the United States Navy Court of Military Review.

FLETCHER, Chief Judge (concurring in the result):

I concur in the result.

In my opinion, a sound reason exists which justifies the denial of the petitioner's application for extraordinary relief in the nature of a writ of coram nobis. Simply stated, the petitioner has not shown good cause for his earlier failures to seek appropriate relief either at his court-martial, during the normal appellate process, or by means of a petition for new trial. *See United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *Wright, Federal Practice and Procedure, Criminal* § 592 nn. 60, 62 (1969). The petitioner knew of the facts and circumstances surrounding his enlistment. He was represented by counsel at his court-martial and during its appellate process; legal advice was available to him thereafter while confined. The decision in *United States v. Russo,* 1 M.J. 134 (C.M.A.1975), was handed down some four months before his court-martial. In the absence of any demonstration of inadequate assistance of counsel, the Navy Court of Military Review did not abuse its discretion in denying coram nobis relief.

Several additional comments are necessary in light of Judge Cook's opinion. First, a case for coram nobis relief does not fail simply on the ground that no evidence of the jurisdictional defect appeared in the record of trial.[1] *Gallagher v. United States,* 22 U.S.C.M.A. 191, 46 C.M.R. 191 (1973), a decision granting coram nobis relief, creates no such general rule for the denial of extraordinary relief of this nature. The decision in *McPhail v. United States,* 1 M.J. 457 (C.M.A.1976), is not to the contrary. There, coram nobis relief was found inappropriate because, at the time the Court considered the petitioner's original application for extraordinary relief, no error existed to be misperceived. Second, after the time has expired for a petition for a new trial, military practice may still permit the reopening of an already final court-martial on certain issues where the petitioned court in the military justice system originally had vested[2] jurisdiction over the case and good cause[3] is shown by the petitioner for seeking further review.

PERRY,* Judge (dissenting):

I dissent. I would treat the petition here as a petition for a writ of habeas corpus and would remand the case to the appropriate authorities for a determination and finding of the relevant facts, after which I would reach a decision with respect to the justiciability of the petitioner's claim that the court-martial was without jurisdiction to convict him. In my view, we have authority under 28 U.S.C. § 2255 to entertain the petition. Moreover, I believe we have a duty to remove the consequences of conviction entered by a court-martial shown to have been without jurisdiction over the accused. *Noyd v. Bond,* 395 U.S. 683, 89 S.Ct.

---

Court); *Homcy v. Resor,* 147 U.S.App.D.C. 277, 455 F.2d 1345 (D.C.Cir.1971) (declaratory judgment proceeding to declare invalidity of the conviction and for related relief.)

1. *United States v. Morgan,* 346 U.S. 502, 508, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States v. Mayer,* 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129 (1914); *Mathis v. United States,* 246 F.Supp. 116, 118 (E.D.N.C.1965), cited with approval in *Del Prado v. United States,* 23 U.S.C.M.A. 132, 48 C.M.R. 748 (1974). *See generally* 7 *Moore's Federal Practice* § 60.14 (1979).

2. *Compare Del Prado v. United States, supra,* and *Gallagher v. United States,* 22 U.S.C.M.A.

191, 193, 46 C.M.R. 191, 193 (1973), *with Allen v. United States,* 21 U.S.C.M.A. 288, 45 C.M.R. 62 (1972).

3. *Compare Del Prado v. United States, supra,* and *Gallagher v. United States, supra, with Hendrix v. Warden,* 23 U.S.C.M.A. 227, 49 C.M.R. 146 (1974).

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

1876, 23 L.Ed.2d 631 (1969); *Burns v. Wilson,* 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953).

Indeed, this Court has jurisdiction to accord relief to an accused who demonstrates that he has been denied constitutional rights by a court-martial. *United States v. Bevilaqua,* 18 U.S.C.M.A. 10, 39 C.M.R. 10 (1968). *See United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1968); *McPhail v. United States,* 1 M.J. 457 (C.M.A.1976).