Steven W. RICHARDS 175 46 9818
Personnelman First Class (E–6) U.
S. Navy, Petitioner,

v.

Commander P. T. DEUTERMAN, U. S.
Navy, Commanding Officer USS
Tattnall (DDG 19), Respondent.

Misc. Dkt. No. 82–04.

U. S. Navy-Marine Corps Court of
Military Review.

18 May 1982.

CDR Harvey E. Little, JAGC, USN,
Detailed Defense Counsel.

LCDR W. A. Dorsey, JAGC, USN,
Appellate Government Counsel.

ORDER

On 18 May 1982 this Court denied petitioner's request for extraordinary relief in the following order:

On consideration of petitioner's Petition for Extraordinary Relief in the nature of a Writ of Habeas Corpus or other relief as well as respondent's answer to our order to show cause why petitioner's request should not be granted, it appears that petitioner was placed in pretrial confinement by respondent on 2 April 1982 having allegedly committed numerous offenses on the same date. Subsequently, however, on 9 April 1982, following a military magistrate's order that petitioner be released from confinement, respondent changed petitioner's status to that of restriction in lieu of arrest. On 6 April 1982 the charge against petitioner had been referred to trial by special court-martial and, therefore, at an Article 39(a), UCMJ, 10 U.S.C. § 839(a) session held on 30 April 1982, petitioner moved that he be released from restriction. This motion was denied by the military judge who declined to review respondent's action.

■ A military judge may, in a case referred to him for trial and upon appropriate motion, review the facts and circumstances upon which an accused's pretrial confinement is predicated and if confinement is not warranted order his release. *United States v. Lamb*, 6 M.J. 542 (N.C.M. R.1978). In our opinion the military judge has the same duty to independently determine the propriety of lesser forms of restraint utilizing as his test whether there is probable cause to believe that the accused has committed the offenses with which he has been charged and whether the restraint that has been imposed is the least onerous necessary to assure that the accused will appear at trial and not commit serious criminal misconduct in the meanwhile. *United States v. Burke*, 4 M.J. 530 (N.C.M.R.1977).

Accordingly, it is by this Court this 18th day of May 1982,

ORDERED:

1. That the petition for a Writ of Habeas Corpus be denied.

2. That, if the issue has not become moot, a further Article 39(a) session shall be convened forthwith to inquire into the legality of petitioner's restriction.

EDWARD K. SANDERS, Senior Judge, and L. G. BOHLEN and G. LEWIS MICHAEL, III, JJ., concur.