UNITED STATES, Appellee

v.

BENNIE D. PONDS, Gunner's Mate Third Class, U. S. Navy, Appellant

1 USCMA 385, 3 CMR 119

No. 491

Decided May 9, 1952

LCDR. Robert H. McCarthy, USNR, for Appellant.
LTJG. Robert Emmet Dunne, USNR, for Appellee.

PER CURIAM:

Accused·was tried on June 15, 1951, by general court-martial and found guilty on two charges of assault and one alleging conduct to the prejudice of the good order and discipline of the service. He was sentenced to be confined for one year, and to receive a bad-conduct discharge, and all accessories. The convening authority reduced the period of confinement to six months and approved the conviction and sentence as amended. On August 31, 1951, the board of review in the office of The Judge Advocate General of the Navy affirmed. The accused was notified of the decision of the board of review on October 22, 1951; and, on that date, he executed a document which stated that he waived his right to appeal his case to this Court.

Thereafter, on January 7, 1952, accused forwarded a request that the record of his conviction be reviewed by this Court, and that The Judge Advocate General appoint defense counsel to represent him. On March 6, 1952, a petition for grant of review was docketed in this Court.· Appellate Government counsel moved for a dismissal of the petition, contending that the request of accused for such review was barred because it was not made within the 30-day time limitation imposed by Article 67(c), Uniform Code of Military Justice, 50 USC § 654.

Article 67(c), supra, provides as follows:

"The accused shall have thirty days from the time he is notified of the decision of a board of review to petition the Court of Military Appeals for a grant of review. The court shall act upon such a petition within thirty days of the receipt thereof."

Rule 21 of the Rules of Practice and Procedure, of this Court, effective from July 11, 1951, to March 1, 1952, provided as follows:

"(a) The accused, including general and flag officers and those sentenced to death, shall have thirty days

from the date he receives written notice from a Board of Review of its decision, to file a Petition with this Court for a Grant of Review."

Rule 14 of the same Rules provides, in part, as follows:

". . . for purposes of computation of time allowed an accused to petition for grant of review such petitions shall be deemed to have been filed upon the date postmarked on the envelope containing the petition or upon the date when the petition is deposited in military channels for transmittal."

In the case now under consideration, the accused received notification of the decision of the board of review on October 22, 1951; and in a statement signed by him on January 3, 1952, he stated that he was, on the former date, fully advised of his appellate rights· and informed that his request for a review by this Court must be made within 30 days from that date. The record is clear, however, that no request for appeal was made until January 7, 1952, some 46 days after the expiration of the appeal period. Based upon those circumstances, it is apparent that the time involved exceeded the limitation imposed by Congress ·and by our rules; that the accused is in default; and· unless he can establish some reasonable basis justifying his relief from that default, the Government's motion to dismiss his petition for grant of review must be granted.

It is not necessary to set out verbatim the contents of the waiver signed by petitioner. We note, however, that it shows specifically that the accused had consulted with counsel; that he had been advised of his right to petition this Court for grant of review; and that he had determined that he did not desire to exercise his right to petition. In it the accused declared that "he does not desire to exercise his right," that he "will not so petition within the statutory

time," that "he does desire that the sentence . . . be executed forthwith for his own immediate convenience," and that he agrees to "waive his right to petition . . . for a grant of review . . . and any other right of appeals or review." All of the foregoing is declared in the document to be "for and in consideration of the accelerated execution by the Department of the Navy of the sentence awarded."

Accused does not deny the truthfulness of the statements contained in the document, neither does he produce any facts from which this Court can conclude that he was defrauded, misled or urged into abandoning his right of appeal. Accordingly, there is no basis for relieving him from default and the motion to dismiss must be granted. However, we desire to express our views on the use of waivers.

It is the opinion of this Court that this "agreement" between the accused and the Department of the Navy, complete to the extent of purporting to provide a consideration to the accused is, for appellate purposes a legal nullity. The consideration of having the sentence executed forthwith cannot affect any confinement imposed, since this begins as a matter of law immediately on imposition by the court-martial. See Uniform Code of Military Justice, Article 57(b), 50 USC § 638. Moreover, the only restriction against execution of any punitive discharge prior to final affirmation is that set up by the Code against the military authorities and in favor of a convicted accused person. See Uniform Code of Military Justice, Article 71(c), 50 USC § 658. Conversely, there is a substantial and undecided question as to whether the service concerned may withhold execution of such a discharge if the accused affirmatively requests it, and no petition to this Court has been filed. True it is that an accused may waive his right to petition this Court, but such a waiver may only become operative through failure actually to exercise the right provided by Congress in the Code's Article 67, supra. Certainly the execution of similar documents—however imposing in appearance or verbiage—will not be considered by us as in any way affecting his right to petition this Court for relief. We are anxious to make this conception crystal clear to the services.

It must not be thought that the Court is insensible to the problems of administration which appear to have arisen within the services as to disposition of personnel pending appeal to this Court or during the statutory period within which such appeal may be taken. We are certain that difficult situations may and frequently do arise under these circumstances and we are not without sympathetic understanding. We are further certain that Congress gave consideration to these matters when it fixed the 30-day limit on the right to petition this Court for grant of review. Admittedly the handling of personnel during the waiting period involves administrative decisions and as such they are not properly the subject of action—perhaps even of detailed advice—by this Court. Our principal concern is to ascertain that the mandate of Congress expressed in Article 67(b)(3) of the Code is not the subject of evasion. The right of convicted persons freely and directly to petition this Court must be protected fully and in nowise abridged. It is distinctly arguable that without a full, complete and careful explanation of the waiver and its legal effect, that its use is a legal trap for the uninformed. Despite the unenforceability of such a document, it is possible than an inadequately advised accused might attach legal validity or significance thereto and be misled as to his rights to appeal. For these reasons in any case coming before this Court which involves both a failure to petition timely and a waiver of the right, the surrounding facts and circumstances will be scrutinized by this Court with the greatest care to assure that the accused was fully advised of his rights, and was in no way misled into waiving them for the convenience of the Government.

In the case before us, however, any burden of protection of the interests of the accused, which may rest on this Court has been met. Here, the petitioner has fully absolved and exonerated the service concerned from any suggestion of impropriety. His statement re-

peatedly emphasizes that he was fully advised of his rights by qualified counsel, and that he executed the document because he contemplated a return to duty and "had no desire to have my case go to the Court of Military Appeals." It was, in fact, only after his request for restoration had been denied that the accused determined to prepare and file his petition. His statement reflects his feeling that during the 30-day statutory period he possessed two avenues for relief. One of these was to work for restoration to duty, the other to petition this Court for grant of review. It was, of course, possible for him to pursue either one or both of these courses. However, being fully advised, he elected to concentrate on restoration to duty. When he learned that his efforts in this direction were unsuccessful it was too late to seek judicial review. In response to questions by the Court, these facts were verified in detail at the hearing by the fully accepted oral assertions of appellate defense counsel, who quite properly had been in touch with the accused subsequent to the filing of his petition.

The motion to dismiss is granted.