UNITED STATES, Appellee,

v.

Dennis Michael MYERS, Aviation Electrician's Mate Airman (E–3), U.S. Navy, Appellant.

UNITED STATES, Appellee,

v.

Marvin P. GATHINGS, Seaman Recruit (E–1), U.S. Navy, Appellant.

Nos. 60,815, 61,025.
NCM 78 0873, 77 1177.

U.S. Court of Military Appeals.

June 16, 1989.

For Myers: *Lieutenant Commander L. Saccoccio, JAGC, USN,* and *Lieutenant John L. Staley, JAGC, USNR.*

For Gathings: *Major J.B. Gilbert, USMC,* and *Major J.L. Powers, USMC.*

For the U.S. (in both cases): *Captain Wendell A. Kjos, JAGC, USN,* and *Major Laura L. Scudder, USMC.*

*Opinion of the Court*

COX, Judge:

Appellants Myers and Gathings have petitioned this Court for relief asserting that delays encountered in the service of United States Navy Court of Military Review decisions in their respective cases have caused them to suffer substantial, though nonspecific, harm. Reasons for the delays were not explained in either the answers to the petitions for grant of review or the records of trial. Accordingly, we ordered that affidavits be submitted [1] to clarify the circumstances surrounding the delay in service. Having received said affidavits, we now grant the respective petitions and consider the issues of whether appellate delay justifies dismissal of the charges, originally raised in the supplements to the petitions for grant of review.

The legal declarations show that as a result of the Navy's attempts to comply with our decision in *United States v. Larneard,* 3 MJ 76 (CMA 1977), a large number of Court of Military Review decisions [2] were not served because the United States was unable to locate the accused. In many cases the servicemembers had been placed on appellate leave to await completion of their appeals, but they neglected to keep the Navy advised of their whereabouts or current mailing addresses. Other accused had (1) absented themselves without authority; (2) successfully served probationary periods which resulted in suspension of their punitive discharges and successful completion of their enlistments; (3) completed their enlistments; or (4) were administratively discharged.

The affidavits further relate that in 1984 the Judge Advocate General of the Navy initiated a concentrated effort to locate these accused and to examine their records to determine whether the cases could be otherwise rendered final. Initially, other federal agencies were consulted in attempts to locate accused; however, those efforts were frustrated by policies against the disclosure of addresses, presumably the result of the Privacy Act.[3] By using available information and through other efforts, over 300 servicemembers were located and served. Even so, 361 decisions remained unserved at the end of Fiscal Year 1988.

---

1. *See United States v. McCarthy,* 2 MJ 26, 28 n.2 (CMA 1976).

2. On July 1, 1981, the United States Navy Court of Military Review became the United States Navy–Marine Corps Court of Military Review.

A number of these cases are from each appellation of that court.

3. 5 USC § 552a.

In the case of appellant Myers, the record and affidavit pertain to his conviction of auto theft and unlawful entry by general court-martial in March 1978, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 USC §§ 921 and 934, respectively. On July 19, 1978, state authorities convicted him of selling marijuana in Virginia Beach, Virginia, and sentenced him to be confined for 11 months. Shortly thereafter, the Navy placed him on indefinite leave to await review of this case. His home of record in Mississippi was given as his leave address. On January 9, 1979, the Government attempted to serve appellant with notice of the Court of Military Review decision at the Virginia confinement facility; however, all the documents were returned unclaimed. The discharge adjudged by the court below was executed in April 1979.

In 1981, Myers was arrested in Mississippi for drug offenses. He was convicted of possessing marijuana and confined for about 9 months. One month after being released from the Mississippi facility, he was again confined in Virginia for having violated probation imposed as a result of the 1978 offense. This time he was ordered to serve 30 months in jail.

In July 1985, the record of trial was reexamined, and the Office of the Judge Advocate General contacted appellant's parents at his home of record. Once again, however, a current address could not be obtained. In May 1988, the Government learned that Myers had been paroled again by Virginia authorities. His probation officer reported that appellant was living in Columbus, Mississippi, and he provided an address. On July 27, service by mail was again attempted; receipt of the letter and accompanying documents was acknowledged by the signature of one Stephen Busbey. About 12 days later, appellant petitioned this Court for review.

Appellant Gathings was originally convicted of numerous offenses by a special court-martial convened at the Naval Station, Norfolk, Virginia, in February 1977. In April, he absented himself without authority from the Naval Station. A report of Absentee Wanted by the Armed Forces (DD Form 553) was published on May 4, 1977. The findings and sentence of his court-martial were affirmed by the Court of Military Review in July, and service of the decision was attempted in August. Since Gathings was an unauthorized absentee, he could not be notified of his right to petition. For reasons not clear in the record, the discharge was purportedly executed the following month.

In June 1982, he was apprehended and convicted in North Carolina for larceny, and sentenced to be confined for 6 months. Over the next 6 years, appellant was apprehended for various offenses by North Carolina authorities on eight occasions. At no time was the Naval Service notified that appellant was in the hands of civilian authorities.[4]

As with appellant Myers, appellant Gathings' records were reviewed in July 1985. No telephone number could be found for the address listed as his home of record. In May 1988, Gathings was located in a correctional institution in North Carolina. The institution was notified and arrangements were made to have the decision served on appellant. This was accomplished on July 14, 1988, and he petitioned this Court the same day.

As a result of our request for affidavits, we have been made aware that there remain a substantial number of cases which are not final because of the inability of the United States to locate the accused for personal service. This appears to flow from language in our opinion in *United States v. Larneard, supra,* interpreting Article 67(c), UCMJ, 10 USC § 867(c), as it then existed, to require actual notice of the

---

4. This appears to be attributable to the fact that the adjudged discharge was executed (erroneously, apparently) in September 1977, while appellant was an unauthorized absentee, and the information that he was wanted as a deserter was removed from the files of civilian authorities.

decision of the Court of Military Review to an appellant or counsel having his power of attorney to act. 3 MJ at 81. However, as we observed there, the notice requirement is not of constitutional dimensions, and we could have allowed a form of constructive service under our authority to promulgate rules of practice before us. *Cf.* Art. 67(a)(1). Thus, we see no impediment to constructively serving an appellant after all reasonable means of actual service have been exhausted. The method used must be reasonably calculated to give him notice of his right to seek review by this Court. *See* 3 MJ at 80.

It was unnecessary for us to set forth the possible methods of acceptable service in *Larneard* since we were then concerned only with the question of whether an accused who received actual notice after the running of the 30–day limitation of Article 67(c) could petition this Court. The decision was grounded on the precept that procedural time frames are not jurisdictional but may be waived in the interests of justice. *Schacht v. United States*, 398 U.S. 58, 63–65, 90 S.Ct. 1555, 1559, 26 L.Ed.2d 44 (1970); *United States v. Ortiz*, 24 MJ 323 (CMA 1987); *see also Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), *overruled on other grounds, Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976).

Notwithstanding the fact that Congress intended every military accused who meets the threshold for an appeal to have a reasonable opportunity to be heard, some form of finality must be accorded to all legal proceedings. One method to accomplish finality is to create an acceptable form of constructive service for decisions of the Courts of Military Review. This will permit the United States to finalize the cases of all accused, including those who are fugitives from justice or who will not provide current addresses.

For many actions in which the whereabouts of parties are unknown, publication is a well-established method of notification.[5] Thus, we believe that military due process will be satisfied if, in the remaining open cases, after all other reasonable efforts are exhausted, the United States elects to constructively serve an appellant. Publications must be more than perfunctory efforts and must be made with a view towards achieving the greatest likelihood that an accused, or someone who knows him, will be made aware that his legal rights are at issue.

We believe that notification may be effected in several ways. First and most obvious is publication via a notice in a newspaper of general circulation in the community of appellant's home of record. Even if appellant is no longer living in the community, parents or close relatives or former friends and associates are likely to still reside there.

Next, because a large number of service-members seek copies of their military records, a copy of the decision of the Court of Military Review, together with the appropriate forms for petitioning this Court should be placed in the official service records of the accused. Third, the announcement should be placed in the Federal Register. When the preceding steps have been taken, service of notice of the decision shall be deemed effective. The cases may be considered final for purposes of execution of an adjudged discharge if appeal is not taken within the statutory time of 60 days. Art. 67.[6]

---

**5.** We recognize that service by publication or other forms of constructive service are not favored over actual, personal service. *See generally* 62 Am Jur 2d, Process § 66. However, in this instance, an accused has actual notice of the *verdict* against him, and he is advised of his appellate rights. Furthermore, his "right" to file a petition does not guarantee that his case will be heard in full by this Court. Lastly, because the door is always left ajar for an aggrieved accused to seek extraordinary relief from this Court, we are satisfied that the ends of justice will be obtained by the procedure envisioned here.

**6.** Appendices I, II, III, and IV are examples of a motion, an order, a notice (to be mailed to appellant), and a notice (by publication) which might be used to accomplish these actions.

■ However, as we observed in *Larneard,* we will not refuse a member the right to file a petition for grant of review where he can show that he acted within 60 days [the time provided in Article 67(c) ] of the date he received actual notice. We believe that this appropriately balances the interests of the United States in achieving finality of courts-martial[7] and of convicted servicemembers in preserving their rights to review by our Court.[8]

■ Examining the two cases before us, we are satisfied that the Government's efforts to locate these appellants and inform them of their statutory right to petition this Court were reasonable. An accused who is placed on leave to await appellate review is required to advise either his command or the Judge Advocate General of this whereabouts. When he fails to do so or absents himself without authority, he cannot be heard to complain that he has not been kept abreast of the proceedings. Further, the records fail to show that either of these appellants made any inquiry into the status of his appeal. While not strictly applicable in criminal appeals, the reasoning behind the maxim "Equity aids the vigilant" has much to commend it where a servicemember asserts that the United States has not acted with expedition.

Finally and most importantly, neither of these appellants has demonstrated substantial harm flowing from the delays. As we observed in ordering the affidavits in these cases, we have never been reluctant to provide appropriate remedies where the Government has engaged in foot-dragging or where its inaction has resulted in prejudice to an accused. However, where no harm in fact exists, we are unwilling to create a presumption of prejudice simply because of the lapse of time.

Having thoroughly examined both records of trial and the associated documents, we conclude that no prejudice to a material right of either appellant has occurred. Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Navy Court of Military Review in each case is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

## APPENDIX I

United States Navy–Marine Corps Court of Military Review

United States, Appellee

v.

John DOE, Appellant

NMCM ⸺

### MOTION for *EX PARTE ORDER*

The United States asserts that, despite its exercise of due diligence in seeking to personally serve appellant with a copy of the decision of the Court of Military Review in the above-styled action, it has been unable to determine the whereabouts of appellant. Therefore, motion is hereby made that an *ex parte* order be issued authorizing the Clerk of the Court to serve the decision on appellant by publication.

In support of this motion, the attached affidavit from an officer of the United States (service) , which sets forth with particularity the efforts that have been made to serve appellant, is offered.

## APPENDIX II

### ORDER FOR SERVICE BY PUBLICATION

On consideration of the application by the United States to effect service by publication upon appellant of the Court of Military Review's decision in the above-entitled case, it appears that, despite diligent efforts to do so, the Government has been unsuccessful in serving appellant because

---

7. *See* Art. 71(c), Uniform Code of Military Justice, 10 USC § 871(c).

8. This procedure is only a method of last resort and is appropriate for those cases which are not governed by the amendments to Article 67(c), UCMJ, 10 USC § 867(c), resulting from the Military Justice Act of 1981. Pub.L.No. 97–81, § 5, 95 Stat. 1085, 1088.

APPENDIX II—Continued

————————————————. Accordingly, it is, by the Court, this ——————— day of ———————————— 19—,

ORDERED:

That the Government shall give notice to appellant of the Court's decision dated ——————, by publication, together with advice that he has 60 days from the date of publication in which to petition the United States Court of Military Appeals for further review of his case. Such publication shall be: (1) In a newspaper of general circulation in the area of appellant's home of record; (2) in appellant's official service record; *and* (3) in the Federal Register. Additionally, a copy of this order and notice shall be mailed by regular mail to appellant's home of record.

If after expiration of 60 days from the date of the latest method of publication, which shall be reported to the Clerk of this Court by affidavit, no petition for grant of review has been filed with the United States Court of Military Appeals, the Government may take action to render the case final and execute the adjudged discharge.

FOR THE COURT,

APPENDIX III

NOTICE

(to be mailed to appellant)

DATE: ————————————

TO: ————————————

————————————

————————————

(address)

YOU ARE HEREBY NOTIFIED THAT:

On the ——————— day of ——————— ————————, 19—, the United States Navy[-Marine Corps] Court of Military Review rendered a final decision in the matter of the United States v. ————————.

Pursuant to 10 USC § 867(c), you have 60 days from the date of this notice to petition the United States Court of Military Appeals for a review of this decision. Failure to act within this 60–day period will cause the case to become final under law and the discharge approved by the Court of Military Review can be executed.

Contact appellate defense counsel at the United States Navy–Marine Corps Appellate Review Activity, telephone (202) 433–——————, without delay, for advice concerning this matter.

For the Court,
Clerk of Court

APPENDIX IV

NOTICE OF DECISION (by publication)

TO: ————————————,

[name of appellant]

Notice is hereby given that on ——————, the United States Navy[-Marine Corps] Court of Military Review affirmed the conviction and sentence of (name, rank, and SSN of appellant).

[Name and rank/grade of appellant] has 60 days from the date of this notice to petition the United States Court of Military Appeals for a review of this decision. Failure to act within this 60–day period will cause the case to become final and the discharge approved by the Court of Military Review can be executed.

[Name and rank/grade of appellant] should contact appellate defense counsel at the United States Navy–Marine Corps Appellate Review Activity, telephone (202) 433–——————, without delay for advice concerning this matter.