UNITED STATES, Appellee,

v.

John Donald ENGLE, Mess Management
Specialist Seaman Apprentice, U.S.
Navy, Appellant,

and

Kenneth Graig Elrod, Airman Recruit,
U.S. Navy, Appellant,

and

Brian E. Swedberg, Private, U.S.
Marine Corps, Appellant.

Nos. 61,989, 62,073 and 61,941.

NMCM 81 2952, 83 3596 and 82 1309.

U.S. Court of Military Appeals.

June 22, 1989.

For Appellants: *Captain A.R. Philpott,*
JAGC, USN and *Lieutenant Jeffrey S.
Horwitz,* JAGC, USNR.

PER CURIAM:

In each of these cases, appellate defense
counsel have submitted motions to with-
draw the respective petitions for grant of
review which are predicated on the untime-
liness of the petitions and the execution of
punitive discharges whereunder each appel-
lant was separated from the Naval Service.
However, in none of these instances did the
accused who had submitted the petition for
review authorize its withdrawal.

■ Insofar as counsel rely on the exe-
cution of the discharge, we find no basis
for their motions to withdraw. Nothing in
Article 67, Uniform Code of Military Jus-
tice, 10 U.S.C. § 867, purports to require
that an accused who has petitioned for
review still be a member of the armed
services at the time he submits his petition.
Admittedly, under the Uniform Code, a dis-
charge is not to be executed until appellate
review is completed, Art. 71(c), UCMJ, 10
U.S.C. § 871(c), but the execution of the
discharge does not deprive the Court of
jurisdiction to grant a petition for review.

With respect to untimeliness of the peti-
tions, we appreciate the concern of appel-
late defense counsel that, as "officers of
the Court," they should seek to assure that
only meritorious pleadings are filed in our
Court. Nonetheless, we are convinced
that, even with the best of motives, a de-
fense counsel should not place himself in a
position contrary to that of his client, if this

can be avoided. *Cf. United States v. Grostefon*, 12 M.J. 431 (CMA 1982). The dates of service of decisions by the Courts of Military Review and of the filing of petitions for review in our Court are matters of record open to appellate government counsel and to the personnel of our Court. The Government is free to move to dismiss such petitions for untimeliness; and we can do so on our own motion. The filing of an untimely petition is not analogous to a fraud on the Court or a misrepresentation, in which instance counsel must intervene even at the risk of being at odds with the client.

■ Accordingly, we conclude that, unless he has obtained permission from his client to do so, an appellate defense counsel should not on his own initiative move to withdraw a petition for review. Although in some instances this may result in his preparing a brief in a case which ultimately will be dismissed for late filing, we believe this result is preferable to the loss of confidence in an appellate defense counsel who has taken a position hostile to the interests of his client.

■ Under the circumstances here, the motions to withdraw are denied in each case because of a failure to show that the respective appellants concurred in the motion. However, since each petition was filed in an untimely manner, the Court on its own motion dismisses each of the petitions for grant of review.