UNITED STATES, Appellee,

v.

Derreck D. BYRD, Jr., Hospital Corpsman Third Class, U.S. Navy, Appellant.

No. 99–5003.
Crim.App. No. 95–0907.

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 11, 2000.

Decided May 17, 2000.

EFFRON, J., delivered the opinion of the Court, in which CRAWFORD, C.J., SULLIVAN and GIERKE, JJ., and COX, S.J., joined.

For Appellant: *Commander Richard W. Bagley*, JAGC, USN (argued); *Lieutenant Frank M. Doherty*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Commander JoAnn W. Melesky*, JAGC, USN (argued); *Colonel Kevin M. Sandkuhler*, USMC, and *Commander Eugene E. Irvin*, JAGC, USN (on brief); *Lieutenant James E. Grimes*, JAGC, USNR.

Judge EFFRON delivered the opinion of the Court.

The Uniform Code of Military Justice provides that our Court "shall review the record in ... all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown," we have granted review. Art. 67(a)(3), UCMJ, 10 USC § 867(a)(3). In the present case, after the Court of Criminal Appeals affirmed his court-martial conviction, appellant petitioned our Court to consider the constitutional and statutory questions raised by his allegations of ineffective assistance by trial defense counsel. The Government, which filed a general opposition on the merits, raised no procedural objection to appellant's

petition. We granted review, 47 MJ 71 (1997), received briefs from both parties, and conducted oral argument. Subsequently, we remanded the case to the Court of Criminal Appeals for a determination as to whether a fact-finding proceeding was needed under *United States v. Ginn,* 47 MJ 236 (1997), to resolve the ineffective assistance of counsel issue. 49 MJ 172 (1998).

A year after our order, without addressing the issue specified in our remand, the Court of Criminal Appeals terminated appellate review based upon that court's conclusion that appellant had not complied with applicable filing requirements in his initial petition to our Court. 50 MJ 754 (1999). The Judge Advocate General has certified the case, requesting that we review the correctness of that ruling. 52 MJ 290–91 (1999); *see* Art. 67(a)(2), UCMJ, 10 USC § 867(a)(2).

## I. BACKGROUND—PETITIONS FOR REVIEW

### A. Article 67

Substantial public criticism of the military justice system in the aftermath of World War II, focusing primarily on the degree of command control over the system, led to the Uniform Code of Military Justice, which included the legislation that established our Court. Act of May 5, 1950, ch. 169, 64 Stat. 107; *see* S.Rep. No. 486, 81st Cong., 1st Sess. 3–6 (1949).

In its report on the legislation, the House Armed Services Committee stressed the critical role that an independent civilian tribunal would play in fostering public confidence in the fairness of the military justice system:

Article 67 contains the most revolutionary changes which have ever been incorporated in our military law. Under existing law all appellate review is conducted solely within the military departments. This has resulted in widespread criticism by the general public, who, with or without cause, look with suspicion upon all things military and particularly on matters involving military justice. Every Member of Congress, both present and past, is well aware of the validity of this statement. The [court established under Article 67] ... is to be a

judicial tribunal and to be the court of last resort for court-martial cases, except for the constitutional right of habeas corpus....

H.R.Rep. No. 491, 81st Cong., 1st Sess. 6–7 (1949).

As originally enacted, Article 67(c) of the Uniform Code of Military Justice provided that the accused had 30 days to file a petition with this Court after receiving notice of a decision of the court below. 64 Stat. 129. Under the statute, actual notice to the accused was required before the time period would begin to run.

Over time, the Department of Defense identified two concerns with the actual-notice requirement. First, to the extent that servicemembers were retained on duty in order to facilitate actual notice, they became a source of disciplinary problems. Second, to the extent that servicemembers were permitted to take appellate leave but failed to keep their units informed of changes in address, there were significant difficulties in meeting the actual-notice requirement. If a servicemember did not receive actual notice, appellate review could not be completed, which meant that a punitive discharge, if warranted, could not be executed.

The Department brought these matters to the attention of Congress in 1981 and requested legislative relief. *See* Hearing on H.R. 4689 to Amend the Uniform Code of Military Justice Before the Military Personnel and Compensation Subcomm. of the Comm. on Armed Services, 97th Cong., 1st Sess. 54 (1981). Congress approved a number of amendments, including a change to Article 67(c) permitting constructive service by mail with a 60–day time period for filing. Military Justice Amendments of 1981, Pub.L. No. 97–81, § 5, 95 Stat. 1088–89.

The legislative history of the constructive-service amendment makes it clear that the amendments were directed at servicemembers who precluded the completion of appellate review through their "own irresponsibility," S.Rep. No. 146, 97th Cong., 1st Sess. 36 (1981), and whose actions delayed appellate review "indeterminably." H.R.Rep. No. 306,

97th Cong., 1st Sess. 7 (1981). The legislative history also demonstrates that the statutory changes were not designed to adversely affect servicemembers who acted through counsel to protect their appellate rights.

The Senate report noted that the opportunity to petition for review would be lost "only when a variety of factors—all in the control of the accused—compound." The report added that an "accused who is interested in [preserving] appellate opportunities may protect those opportunities by supplying the power of attorney, or by taking care to keep addresses current, or by maintaining contact with his appellate counsel." S.Rep. No. 146, *supra.* According to the report, the opportunity to appeal would be lost "only when the accused intentionally or negligently fails to take simple measures to protect the accused's own interests, measures which must be explained by both the trial and appellate defense counsel." *Id.*

In its present form, Article 67(b) provides that an accused "may petition" this Court for review within 60 days from the earlier of—

(1) the date on which the accused is notified of the decision of the Court of Criminal Appeals; or

(2) the date on which a copy of the decision of the Court of Criminal Appeals, after being served on appellate counsel of record for the accused (if any), is deposited in the United States mails for delivery by first class certified mail to the accused....

*Compare* Fed.R.App.Pro. 4(b)(1) (defendant's notice of appeal "must be filed" in the district court within 10 days after entry of judgment or filing of Government's notice of appeal). Under the statute, the beginning date of the time period in a given case may be established through: (1) identification of the date on which the Government provided the appellant with actual notice; or (2) documentation of the date the Government provided appellate defense counsel with actual notice and the date on which the Government mailed constructive notice to the appellant. The statute requires use of certified mail, which documents the date of mailing but does not document that the mailing was actually received.

The end of the time period is marked by submission of the petition, not by actual receipt by the Court. By noting that the accused "may petition ... within 60 days," Article 67(b) indicates that submission of a petition by an appellant within that period is sufficient, regardless whether the petition is received by our Court within the 60-day period. *Compare Wright v. Deyton,* 757 F.2d 1253 (11th Cir.1985)(Under Fed.R.App. Pro. 4, which requires that a notice of appeal "must be filed" within 10 days, the issue of timeliness requires determination as to when the document was mailed and whether, in the ordinary course of events, the clerk would have received the notice by the applicable filing deadline.).

The petition is a simple document, which merely notes that appellant seeks review in our Court. There is no requirement to specify issues or otherwise engage in legal analysis. A servicemember who relies on counsel to file the petition may do so with confidence that he or she is not asking counsel to undertake a burdensome task that would preclude a timely submission.

### B. Court Rules

Article 67(b) is implemented through Rule 19 of the Rules of Practice and Procedure for the United States Court of Appeals for the Armed Forces. Rule 19(a)(2) requires documentation of the beginning of the 60-day period by requiring that a "certificate of notification" be placed in the record of trial "setting forth the manner and date that the appellant was notified of the decision of the Court of Criminal Appeals or the date that a copy of such decision was mailed to the appellant after service of a copy of such decision on appellate defense counsel of record."

The Rules address termination of the 60-day period by stating that a petition "will be deemed to have been filed on the date when the petition has been mailed or delivered by an appellant or by counsel on behalf of an appellant directly to the Court." Rule 19(a)(3). Upon receipt of a petition, it is "accepted and docketed by the Clerk." Rule 19(a)(4).

This rule places the burden upon the Government to raise any objections to the petition, including timeliness. Under Rule 19(a)(4), if a petition is not in accord with Article 67 or the Court's Rules, "the United States may move to dismiss such petition."

Both Article 67 and Rule 19 are phrased in terms of the opportunity of an appellant to file a petition for review. Neither the statute nor the rule states that the time periods are jurisdictional, nor do they preclude our Court from accepting petitions outside the time period under appropriate circumstances. The Court's Rules expressly provide that "[f]or good cause shown, the Court may suspend any of these rules in a particular case, on application of a party or on its own motion...." Rule 33.

### C. Judicial Practice

In view of the importance that Congress has placed upon the opportunity for servicemembers to obtain appellate review in an independent civilian tribunal, we have carefully scrutinized timeliness objections to petitions to ensure that no petition is rejected unless the objection is well-founded, and we have provided appellants with the opportunity to establish good cause for late filings. *See, e.g.,* cases cited in Eugene R. Fidell, *Guide to the Rules of Practice and Procedure for the United States Court of Appeals for the Armed Forces* 85–86 (8th ed.1997), and *Guide to the Rules of Practice and Procedure of the United States Court of Military Appeals* 58 n. 201 (1978 & Supp.1980).

Moreover, from the earliest days of our Court, we have viewed the time period in Article 67 as nonjurisdictional. In *United States v. Ponds,* 1 USCMA 385, 386, 3 C.M.R. 119, 120 (1952), we recognized that a petition filed outside of the time period in Article 67(c) could be accepted by the Court if the appellant established "some reasonable basis justifying his relief from that default...." *Cf.* Fed.R.App.Pro. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days

from the expiration of the time otherwise prescribed by this Rule 4(b).").

We have emphasized that an untimely petition may be considered upon a showing of good cause for the late filing, even where a punitive discharge already had been executed upon the running of the 60–day appeal time. In *United States v. Engle,* 28 MJ 299 (CMA 1989), we held that execution of a punitive discharge under Article 71(c), UCMJ, 10 USC § 871(c), "does not deprive the Court of jurisdiction to grant a petition for review." As we noted in *United States v. Myers,* 28 MJ 191, 194 (CMA 1989), "[P]rocedural time frames are not jurisdictional but may be waived in the interests of justice."

## II. APPELLANT'S PETITION

### A. The Record Upon Initial Review

When our Court considered appellant's initial petition for review, the record included the following: (1) the decision of the Court of Criminal Appeals, dated October 15, 1996; (2) an undated "Petition for Grant of Review" signed by appellant's appellate defense counsel; (3) this Court's date stamp on the petition marking it as "received" on January 22, 1997; (4) a petition supplement filed by appellate defense counsel, dated January 31, 1997, raising the issue of ineffective assistance of counsel; and (5) the Government's response to the petition supplement, dated February 3, 1997, responding to the merits of the petition.

The record submitted to this Court by the Navy did not contain a "certificate of notification," *see* Rule 19(a)(2), or otherwise indicate that the 60–day time period had elapsed prior to appellate defense counsel's submission of the petition. Apparently, this was of no concern to the Government, which did not move to dismiss the petition on timeliness or any other procedural ground. *See* Rule 19(a)(4).

We granted the petition on June 10, 1997. On March 30, 1998—after the parties filed final briefs, including several attachments and exhibits, and following oral argument— we published an order that set aside the decision of the Court of Criminal Appeals.

49 MJ 172. Our decision returned the case to the Judge Advocate General for remand to the lower court for further consideration in light of our decision in *United States v. Ginn,* 47 MJ 236 (1997). The Government did not seek reconsideration of our decision to grant review of appellant's appeal, nor did it seek reconsideration of our decision remanding the case to the Court of Criminal Appeals for further proceedings.

### B. Developments Following Remand

Nearly 8 months after our decision remanding the case to the Court of Criminal Appeals, on November 20, 1998, that court ordered a factfinding hearing into the ineffectiveness-of-counsel issue. On February 19, 1999, however—3 months after that order, nearly 11 months after our remand, and more than 2 years after appellant's petition was received in our Court—the Government first raised the question of the timeliness of appellant's petition to this Court. On that date, the Government filed in the Court of Criminal Appeals a Motion to Terminate Appellate Review.

In support of its motion, the Government submitted information indicating that a "promulgation package" containing the decision of the Court of Criminal Appeals had been sent to appellant by certified mail on October 18, 1996, and that the mailing included an endorsement informing him of his right to submit a petition to our Court.

The Government's submission did not include copies of any of the correspondence with appellant. Instead, the Government relied on an undated certificate from the Navy's "Prom Office Manager" stating that appellant had been sent a copy of the decision of the Court of Criminal Appeals "with an endorsement thereon, informing him/her of his/her right to petition the U.S. Court of Appeals for the Armed Forces within 60 days of the time the decision of the Navy–Marine Corps Court of Criminal Appeals was deposited in the U.S. mail by first class certified mail."

The manager attached to the certificate a receipt showing that a package had been sent by certified mail to appellant on October 18, 1996. Because the materials submitted to the court below do not contain copies of the information actually provided to appellant, it is not clear whether appellant was provided with the form petition and instructions as required by Article 0164b of the Manual of the Judge Advocate General of the Navy, JAGINST 5800.7C.

In addition to filing the undated certificate of service with the court below, the Government also submitted: (1) a memorandum from the "Chief, Promulgation Section," dated December 31, 1996, authorizing issuance of a supplementary court-martial order because "no petition for review" had been received within 60 days after the package was mailed to appellant; (2) a supplementary court-martial order, dated January 2, 1997, approving appellant's sentence, including a bad-conduct discharge; (3) a Department of Defense Form 214, "Certificate of Release or Discharge from Active Duty," indicating that appellant was separated with a bad-conduct discharge issued to appellant on January 2, 1997; and (4) an affidavit executed on March 16, 1999, by the Director of the Administrative Support Division of the Navy–Marine Corps Appellate Review Activity, describing the standard procedures used for notifying the appellate divisions of a decision, for informing an accused of the right to petition, and for executing a discharge when a petition has not been received after the passage of at least 60 days.

On April 8, 1999, the Court of Criminal Appeals published an order granting the Government's motion to terminate appellate review. 50 MJ 754. As a predicate for doing so, the court stated that "appellant was served his copy of this court's [original] decision by 25 October 1996." *Id.* at 756. The court cited no source to support that finding, and we have found nothing in the record demonstrating that appellant received the Navy's packet on or before that date.

The court terminated appellate proceedings on the grounds that this Court "unknowingly granted review where it had no apparent jurisdiction to do so." *Id.* at 757. The court concluded that appellant's petition was not timely filed under Article 67; that the discharge was properly executed under Arti-

cle 71(c); [1] and that further review was precluded by Article 76, UCMJ, 10 USC § 876.[2] The Judge Advocate General of the Navy certified the case to us for review.[3]

## III. DISCUSSION

At the outset, we note that the record before us does not demonstrate that appellant received actual notice on or before October 25, 1997. We have uncovered no proof of actual service in the record.

With respect to constructive service, we note that the record before us does not include a number of basic documents that would have facilitated clear calculation of the beginning of the 60–day period for submission of a petition. Such a calculation is not a particularly difficult task if the military service retains documentation of each of the following steps as they are accomplished: (1) the date and manner of service on appellate defense counsel, which is a necessary predicate for the use of constructive service under Art. 67(b)(2); (2) the date and manner of constructive notice by certified mail to the appellant; (3) the date and manner of compliance with regulatory requirements concerning the content of the notice; (4) inclusion in the record of a certificate of notification under Rule 19(a)(2).

We note that the record does not contain a copy of the specific notice provided to appellant. The record also does not contain documentation of compliance with the JAG Manual requirement that notice to appellant include a form petition with instructions for filing. In addition, the Navy did not comply with this Court's requirement under Rule 19(a)(2) that the record filed at the time of the petition contain a "certificate of notification" setting forth "the manner and date" that appellant was notified of his right to petition this Court. The record also leaves some uncertainty as to the precise date on which the 60–day period terminated because the petition submitted by appellant's counsel was undated. As a result, the Government has had to rely primarily upon memoranda and affidavits that focus primarily on assumptions drawn from general practices, rather than contemporaneous records of required actions.

Such deficiencies do not necessarily preclude this Court from determining whether a petition is untimely filed when the Government has made a timely motion for the petition to be dismissed under Rule 19(a)(4). Had the Government done so in the present case, and had it made a timely submission of evidence concerning the filing of the petition, we would have considered whether that evidence was sufficient to raise the issue of an untimely filing. If so, we then would have conducted further proceedings to ascertain the precise beginning and termination dates of the 60–day period, and we would have considered both direct evidence and applicable presumptions. *See, e.g.,* Rule 19(a)(3).

1. Article 71(c) provides in pertinent part that a punitive discharge "may not be executed until there is a final judgment as to the legality of the proceedings...." Under Article 71(c), the circumstances in which a judgment is considered to be final include "cases when review is completed by a Court of Criminal Appeals and ... the time for the accused to file a petition for review by the Court of Appeals for the Armed Forces has expired and the accused has not filed a timely petition for such review and the case is not otherwise under review by that Court...."

2. Article 76 provides:
   The appellate review of records of trial provided by this chapter, the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution under sentences by courts-martial following approval, review, or affirmation as required by this chapter, are final and conclusive. Orders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States, subject only to action upon a petition for a new trial as provided in section 873 of this title (article 73) and to action by the Secretary concerned as provided in section 874 of this title (article 74), and the authority of the President.

3. The certificate presented the following question:
   WHETHER PROPER EXECUTION OF APPELLANT'S PUNITIVE DISCHARGE IN ACCORDANCE WITH ARTICLE 71(c), UCMJ, MADE APPELLANT'S CASE FINAL UNDER ARTICLE 76, UCMJ, AND TERMINATED MILITARY APPELLATE COURT JURISDICTION OVER THE CASE.

■ When the Government does not raise the issue of timeliness until after a petition for review has been granted, as in the present case, such untimely action undermines the orderly conduct of appellate proceedings. In such a situation, where the Government has not objected to a pending petition prior to the grant of review, we will not revisit the issue of the timeliness of the initial filing absent clear and unequivocal evidence that the petition was untimely filed.

■ In light of the significant deficiencies in the Navy's recordkeeping in the present case, the evidence is far from clear and unequivocal. Therefore, we shall not revisit our original action treating the petition as timely filed. In that context, the Navy's attempt to execute a punitive discharge under Article 71(c), which was taken at a time appellate review was pending, was premature. Accordingly, the court below erred in concluding that appellant was properly discharged under Article 71.

Under these circumstances, it is not necessary for us to assess the validity of the lower court's theories concerning the effect of a properly executed discharge under Article 71 upon the jurisdiction of this Court. A discharge may not be executed in the present case unless a determination is made that such action is warranted, following the remand proceedings ordered by this Court and applicable review proceedings under Article 67.

To the extent that the certified question asks us to determine whether the decision of the court below was correct, we answer that question in the negative. To the extent that the decision of the court below suggests that Articles 71 and 76 preclude this Court from exercising direct review where there is clear and unequivocal evidence that a petition is untimely, we note that the court below did not address the import of our precedents for taking jurisdiction when there is good cause for an untimely filing. In light of our holding in the present case that the Government has failed to establish that the petition was untimely, we decline to revisit those precedents until a case squarely presenting an untimely petition is before us.

■ We note, however, that the Government has acknowledged expressly that this Court has jurisdiction to review such a case under the All Writs Act, 28 USC § 1651(a). Supp. Brief at 8; *cf. Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975) (Article 76 does not bar collateral attack in federal district court); *Hendrix v. Warden*, 23 USCMA 227, 49 C.M.R. 146 (1974). For example, if a servicemember not only alleges ineffective counsel at trial, but also alleges that appellate counsel was ineffective by failing to file a timely petition before this Court or otherwise alleges that the untimeliness was not the result of his or her own irresponsibility, we have jurisdiction to determine whether the servicemember has established good cause for the late filing and, if so, whether collateral relief is appropriate. *See United States v. Ortiz*, 24 MJ 323, 324 (CMA 1987) ("This Court has inferred that Congress did not wish to have an accused's effort to appeal thwarted by the omissions, indifference or ineptitude of the military counsel provided to him."). *Compare Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (setting forth standards for assessing ineffective assistance of counsel who fails to file a notice of appeal). If, in the future, we receive a petition in which there is clear and unequivocal evidence of untimeliness, and the issue of good cause for a late filing is raised, we shall consider at that time whether it is appropriate to consider the case under the standards applicable to direct review or the standards applicable to collateral review.

## IV. DECISION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals dated April 8, 1999, is vacated. The case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for compliance with this Court's earlier remand order.