EFFRON, Chief Judge
(dissenting):
In Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2364, 168 L.Ed.2d 96 (2007), the Supreme Court reaffirmed its “longstanding treatment of statutory time limits for taking an appeal as jurisdictional” and noted that the Court’s decisions had “recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute.” The Court stated that a limitation is “jurisdictional when Congress forbids federal courts from adjudicating an otherwise legitimate class of cases after a certain period has elapsed from final judgment.” Id. at 2366 (quotation marks omitted). If Congress has forbidden our Court from adjudicating an otherwise legitimate petition for review after the passage of a certain period of time, we may not review the petition even if the accused can *117 establish good cause for not meeting the statutory filing deadline. See id.
The majority opinion concludes that Congress established such a prohibition in Article 67, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867 (2000). United States v. Rodriguez, 67 M.J. at 111 (C.A.A.F. 2009). For the reasons set forth below, I respectfully disagree.

The jurisdictional statute

Article 67 differs from the statute at issue in Bowles in significant respects. Congress restricted appeals under the Bowles statute, 28 U.S.C. § 2107, and left courts with limited discretion to reopen the filing period under specified circumstances:
(a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.
(c) The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds—
(1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
(2) that no party would be prejudiced, the district court may, upon motion filed within 180 days after entry of the judgment or order or within 7 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
28 U.S.C. § 2107 (2000).
By contrast, Congress framed Article 67 as a requirement to review cases, not as a limitation on review:
(a) The Court of Appeals for the Armed Forces shall review the record in—
(1) all cases in which the sentence, as affirmed by a Court of Criminal Appeals, extends to death;
(2) all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General orders sent to the Court of Appeals for the Armed Forces for review; and
(3) all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.
Article 67, UCMJ. The phrase “shall review” embodies a congressional mandate to conduct appellate proceedings in the three categories of cases. See 10 U.S.C. § 101(f)(1) (2000) (providing that in Title 10 of the United States Code, the word “ ‘shall’ is.used in an imperative sense”).
In the statutory provision governing a ser-vicemember’s ability to petition for review under Article 67, Congress used permissive language: “The accused may petition the Court of Appeals for the Armed Forces for review of a decision of a Court of Criminal Appeals within 60 days from the earlier of’ the date of actual service or the date of constructive service. Article 67(b), UCMJ; see 10 U.S.C. § 101(f)(2) (providing that in Title 10 of the United States Code, the word “ ‘may’ is used in a permissive sense”). Notably, Congress did not employ the formula provided in Title 10 for the use of “may” in a restrictive sense. See 10 U.S.C. § 101(f)(3) (providing that in Title 10 of the United States Code, the phrase “‘no person may ... ’ means that no person is required, authorized, or permitted to do the act prescribed”).
Congress also provided in Article 67(b) that this Court “shall act upon such a petition promptly in accordance with the rules of the court.” The Court’s rules contain the sixty-day time period for filing a petition, C.A.A.F. R. 19(a), as well as express authority to waive the rules. C.A.A.F. R. 33.

Background: Development of the statute

The initial version of the UCMJ contained the following provision concerning opportunity of the accused to file a petition for review:
*118 The accused shall have thirty days from the time he is notified of the decision of a board of review to petition the Court of Military Appeals for a grant of review. The court shall act upon such a petition within thirty days of the receipt thereof.
Act of May 5, 1950, ch. 169, art. 67(c), 64 Stat. 107,129-30 (1950) (codified as amended at 10 U.S.C. § 867(b) (2000)).
From the first cases arising under the UCMJ, Article 67 has been interpreted as permitting consideration of petitions filed beyond the statutory time period upon a showing of good cause. See United States v. Ponds, 1 C.M.A. 385, 386 3 C.M.R. 119, 120 (1952). Over the next three decades, the good cause interpretation represented the state of the law in the military system.
In 1981, the Department of Defense requested amendments to Article 67 with respect to notice of the opportunity to petition for review, focusing on problems in identifying the time that marked the beginning of the opportunity to petition this Court for review. See United States v. Byrd, 53 M.J. 35, 36 (C.M.A.2000). The proposed legislation sought relief from our decision in United States v. Lameard, 3 M.J. 76 (C.M.A.1977), which held that constructive service of the lower court’s decision would not suffice to initiate the period for review and thereby precluded the running of the filing period in the absence of proven actual notice. See S.Rep. No. 97-146, at 35 (1981), U.S.Code Cong. & Admin.News 1981, pp. 1484, 1517-18.
Congress agreed with the Department and enacted authority for constructive notice, thereby overcoming the effect of Lameard. Military Justice Amendments of 1981, Pub.L. No. 97-81, § 5, 95 Stat. 1088-89 (1981) (codified as amended at 10 U.S.C. § 867 (2000)). Under the constructive notice provision, the timeline for the opportunity to petition for review commences when the government provides either actual or constructive notice of the lower court’s decision. Three other legislative changes accompanied the constructive notice provision as part of the 1981 amendments, each of( which underscore the nonrestrictive nature of the legislation. First, Congress inserted the permissive phrase “may petition” into the statute. Second, the statute expanded the opportunity to file a petition for review from thirty days to sixty days. Third, the legislation replaced the language providing that this Court “shall act” within thirty days with a more flexible requirement to act “promptly in accordance with the rules of the court.” See id.
The legislative history of the 1981 amendments, although not necessary for interpretation of this statute, is consistent with a permissive reading of the legislation. The report of the House Armed Services Committee emphasized the continuity of the opportunity to petition for review, and noted that the legislation addressed the relationship between notice and the commencement of the filing period:
This amendment would continue to allow the opportunity to petition for a further review to expire by statute upon passage of time after the accused is notified of the adverse decision of the lower court, but in contrast, the current proposal would permit the period to commence running upon either actual notice or constructive notice by mail. However, the period for petition would be extended from 30 to 60 days....
In effect, the amendment would authorize giving an accused constructive notice of his right to petition the Court of Military Appeals if efforts to make personal service have failed.
H.R.Rep. No. 97-306, at 8 (1981), U.S.Code Cong. & Admin.News 1981, pp. 1769, 1776.
The Senate report also described the statute as providing an opportunity for review and emphasized that the accused would lose the opportunity to petition only if the responsibility for the late filing was attributable to that individual:
[O]ne must note that the right to appeal is not [affected]. Instead, the result [of the sixty days passing without a petition filing] is that the opportunity lapses. Furthermore, the opportunity lapses only when a variety of factors — all in the control of the accused — compound. In this respect, the waiver would not be precisely “unknowing” on the accused’s part. An accused who is *119 interested in preserving appellate opportunities may protect those opportunities by supplying the power of attorney, or by taking care to keep addresses current, or by maintaining contact with his appellate counsel. Thus, an unfortunate result is likely to occur only when the accused intentionally or negligently fails to take simple measures to protect the accused’s own interests, measures which must be explained by both the trial and appellate defense counsel.
S.Rep. No. 97-146, at 36, U.S.Code Cong. & Admin.News 1981, pp. 1484, 1518-19. Both reports are consistent with the then-existing state of the law, under which the opportunity to petition for review would expire after the statutory number of days, subject to the ability of the accused to establish, through a showing of good cause, that the late filing was not a matter within his or her control. It is noteworthy that while Congress addressed this Court’s interpretation of Article 67 to establish a constructive notice provision in light of Lameard, the amended statute did not seek to supplant the Ponds line of cases.

Interpretation of Article 67 after the 1981 amendments

In the immediate aftermath of the 1981 legislation, the amended statute was interpreted as permitting late filing upon good cause. See, e.g., United States v. Landers, 14 M.J. 150 (C.M.A.1982). If that interpretation had been in error, the legislative process provided an excellent opportunity for corrective action during congressional consideration of the Military Justice Act of 1983, Pub.L. 98-209, 97 Stat. 1393 (1983). That legislation contained significant changes to post-trial procedures, including the appellate process, with particular attention to the impact of this Court’s case law. See, e.g., S.Rep. No. 98-53, at 28 (1983), U.S.Code Cong. & Admin.News 1983, p. 2187. Notwithstanding the specific focus on appellate matters in the 1983 legislation, Congress did not enact any changes to the longstanding, permissive consideration of belated petitions upon a showing of good cause.
Article 67(b) has operated as intended by Congress. The constructive service provision has enabled the Government to establish an earlier beginning point for the opportunity to submit a petition via constructive service. The sixty-day opportunity for filing a petition for review identifies the period within which the accused is responsible for filing a petition. The permissive interpretation of Article 67 follows the statutory rule of construction in 10 U.S.C. § 101(f)(2) and provides a very limited basis for appellate review when the accused establishes that a belated filing is not the result of his or her own irresponsibility. See H.R.Rep. No. 97-306, at 7-8, U.S.Code Cong. & Admin.News 1981, pp. 1769, 1775-76; S.Rep. No. 97-146, at 36, U.S.Code Cong. & Admin.News 1981, pp. 1484, 1518-19.
As Judge Baker points out in his separate opinion, the permissive interpretation is consistent with the intent of Congress in enacting the UCMJ and in establishing this Court. 67 M.J. at 124 (Baker, J., dissenting). See also United States v. Tamez, 63 M.J. 201, 202 (C.A.A.F.2006) (noting that the unchanging practice of our Court in considering belated petitions upon good cause shown “is consistent with Congress’s intent that servieemem-bers have the opportunity to obtain appellate review in an independent civilian court”).
The permissive reading also is consistent with the manner in which Congress has structured the military justice system, particularly the system’s reliance on government-furnished military counsel to represent military personnel in the appellate process. See Article 70, UCMJ, 10 U.S.C. § 870 (2000). When a servieemember relies on a military attorney and the petition is filed late because of incorrect advice or inaction by the military attorney, the Ponds interpretation of Article 67 provides an appropriate occasion for the servieemember to demonstrate that the belated filing is the responsibility of the government-provided attorney, not the individual servieemember. See Byrd, 53 M.J. at 36-37.
In a number of cases now pending before the Court, appellants allege that the responsibility for the late filing rests with military appellate counsel. These cases include al *120 leged deficiencies in case tracking, see United States v. Greenwood, No. 08-0618/AF; United States v. Tuberville, No. 08-0612/AF; alleged neglect of an attorney’s commitment to file a timely petition, see United States v. Angell, No. 09-0098/AR; and alleged failure to ensure continuity of counsel after departure of assigned military appellate counsel, see United States v. Person, No. 08-0534/NA; United States v. Esposito, No. 08-0547/NA. Under the lead opinion’s interpretation of Article 67, however, every case involving a belated filing must be dismissed without regard to whether the appellant can establish that the responsibility for the filing deficiency rests with the military attorney furnished by the government under Article 70. Such a result is not required by the language, development, or purpose of Article 67.
The opportunity to demonstrate good cause for a belated filing comports with the permissive wording of the statute, the statutory rules of construction for Title 10, the legislative history of Article 67, the purpose of the UCMJ, the consistent interpretation of the statute, and subsequent legal developments. As such, Article 67 does not constitute a congressional prohibition on appellate review under Bowles. I respectfully dissent from the lead opinion’s conclusion that Congress established Article 67 as a mandatory prohibition that precludes appellate review irrespective of whether there is good cause for a belated filing.